CARTER MOTOR COMPANY *v.* DAVIS.

Opinion delivered January 20, 1930.

*Roy D. Campbell,* for appellant.
*Ross Mathis,* for appellee.

McHANEY, J. This is an action in replevin, brought by appellant against appellee, in the Woodruff Circuit Court to recover one Buick roadster automobile, or its value. On motion of appellee, the cause was transferred to the chancery court, over appellant's objections. No motion appears to have been made in the latter court

to remand, but the cause was there tried, and proceeded to judgment for appellee. The facts are substantially as follows: Appellee purchased the car from appellant, under a written contract, which referred to it as a new automobile. The purchase price was $1,100, of which $350 was paid in cash. The remainder, $750, was to be paid in ten equal monthly installments of $75 each, and title was retained in appellant, until all deferred payments had been made. Failure to pay any installment when due made all future installments immediately due and payable. One provision was that there were no warranties made by the seller, unless same were indorsed on the contract, and none were so indorsed. While the contract referred to the car as ''new,'' as a matter of fact it·was a used automobile, having previously been sold to another, and been driven 432 miles, and had stood some eight or ten days in the overflow water at Dixie. After it was retaken by appellant from the first purchaser, a new top was put on it, all mechanical parts, including the motor and body, were thoroughly cleaned and washed out. Appellee knew these facts, and had ample opportunity to, and did, examine the car before buying it. The appearance of the car was good, and the motor was in perfect condition. Appellee paid two of the $75 installments, and defaulted on the third. In the meantime, he discovered that the right door was out of adjustment, or that the handle on this door was loose, because the screws had pulled out of the wood frame, either from strain or from the decayed or rotten condition of the wood, and that there was a small split or break in the steel or turtle back over the rumble seat. The car was, at appellant's direction and at its expense, taken to the Buick agency in Memphis, and there repaired, apparently to the satisfaction of appellee.

Appellee defended on the ground that he was induced to purchase by the false and fraudulent representations of appellant, to the effect that said car was a new car,

and without defects; that the defects were hidden, and not open to ordinary observation by a person without experience; and that he would not have purchased but for such representations. He further alleged that the car was not worth more than he had paid, and prayed a cancellation of the contract. The court took appellee's view of the matter, denied a recovery, and dismissed appellant's complaint with costs.

Without determining whether the circuit court erred in transferring the case to equity, we think the appellant waived objection to the jurisdiction by proceeding to trial there, without moving to transfer back to the law court, and without making any other objection to the jurisdiction of the chancery court. *Hemphill* v. *Lewis,* 174 Ark. 225, 294 S. W. 1010, and cases cited.

We are of the opinion, however, that the court erred in not granting appellant the relief prayed. No fraudulent representations by appellant were proved. Appellee was fully advised, and knew the entire history of the car; that it had been sold to another; that it had stood in the water some days, that it had been cleaned up, and a new top put on, and that it had been repossessed after use. He is therefore in no position to insist on a contract referring to the car as new, and especially when the contract specifically provides that no warranties are made regarding it. *Mitchell Mfg. Co.* v. *Kempner,* 84 Ark. 349, 105 S. W. 880.

Appellee says appellant's agent, Hopkins, represented the car to be as good as new, and, conceding this to be true, it is also true that Hopkins told him all he knew about the car that would tend to lessen its value, or show deterioration from a new car. There is nothing to show bad faith, or a lack of good faith. Appellee sought appellant, and desired to purchase the car, and was given all the facts regarding its condition. He purchased at a reduced price on favorable terms. The proof shows the car was worth $600 at the time suit was brought. Appellee gave bond and kept possession of

the car. At the time of trial, some two years later, it had been run about 19,000 miles, and was still running. Under these circumstances, we think appellee should be required to pay appellant the value of the car at the time replevin was instituted, which was $600.

The judgment will be reversed, and judgment ordered here for $600.